IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MIGUEL OYOLA,**

    Plaintiff,

vs.                                           Case No. 4:16cv588-RH/CAS

**JULIE L. JONES,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 on September 19, 2016. ECF No. 1. An Order was entered advising Plaintiff that to proceed with this case, he must either pay the filing fee or file a motion requesting leave to proceed in forma pauperis by October 24, 2016. ECF No. 3. Although Plaintiff was specifically informed that failure to respond as instructed would "result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of this Court," *see id.* at 4, Plaintiff did not comply with that Order. Instead, Plaintiff filed two documents asserting that he could not comply because his cell was sprayed with chemical agents

and the Order was contaminated. ECF Nos. 4-5. Because Plaintiff demonstrated a desire to continue this litigation, another Order was entered providing an extension of time in which to comply with the prior Order. On or before December 6, 2016, Plaintiff was required to either pay the $400 filing fee or file an in forma pauperis motion supported by his inmate bank account statement. ECF No. 6.

Plaintiff then filed an in forma pauperis motion on November 28, 2016, ECF No. 7, but it was insufficient. Another Order was entered advising Plaintiff that he must submit a prisoner consent form containing his signature and the required bank account documentation to support his motion. ECF No. 8. Plaintiff was required to submit the necessary supplements by **January 9, 2017**. *Id.* Plaintiff has not complied.

Plaintiff has had sufficient opportunities to comply with the requirement that he demonstrate his entitlement to in forma pauperis status. Plaintiff has not complied and has been warned that if he failed to do so, this case might be dismissed. It is now appropriate to dismiss this case for Plaintiff's failure to comply with court orders and prosecute.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with court orders and failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on February 6, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**